C. F. Morford, *et al., v.* E. B. Hamner, *et al.*

C. F. MORFORD, *et al.,* v E. B. HAMNER, *et al.*

VENDOR'S LIEN. *Rents not to be applied to the satisfaction of. Receiver.* Where a complainant seeks to enforce his vendor's lien, a Receiver will not be appointed. It is no part of the contract of sale, either express or implied, that the vendor shall appropriate anything but the land itself by sale, for satisfaction of his purchase-money.

FROM WARREN.

Appeal from the Chancery Court.

Record cannot be found.

NICHOLSON, C. J., delivered the opinion of the Court.

This case is pending in the Chancery Court at McMinnville. It is a bill filed to sell land to enforce a vendor's lien. Upon application of complainant, a Receiver was appointed to take charge of the land pending the litigation, and enjoining the defendants from committing waste. This interlocutory decree was superseded by one of the judges of this Court,

except as to so much as enjoins defendants from committing waste.

It is now moved to discharge the supersedeas, upon the ground that it is apprehended that the land will not satisfy the balance of unpaid purchase money, and that it is necessary to appropriate the rents pending the litigation, to make up the deficiency.

We have repeatedly refused to appoint receivers in cases where the complainant is seeking to enforce his vendor's lien, upon the ground that it is no part of the contract of sale, either express or implied, that the vendor shall appropriate anything but the land itself, by sale for the satisfaction of his purchase-money; and by the contract the purchaser is entitled to the possession until the land shall be sold to satisfy the unpaid purchase-money.

Upon this ground the supersedeas in the present case was granted, and for the same reason the motion to discharge it is allowed.